**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4431**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

C. ALLEN BOLT,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:08-cr-01015-GRA-1; 6:08-cr-00213-GRA-1)

Submitted:  April 7, 2010          Decided:  April 29, 2010

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On September 29, 2008, C. Allen Bolt pled guilty to possession with intent to distribute cocaine base and marijuana, being a felon in possession of a firearm, and using a firearm in relation to a drug trafficking crime, pursuant to 21 U.S.C. § 841(b)(1)(B) (2006), 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(I) (2006). (No. 6:08-cr-00213-GRA-1). On February 25, 2009, in a separate proceeding, Bolt pled guilty to an additional count of being a felon in possession of a firearm. (No. 6:08-cr-01015-GRA-1). On April 22, 2009, Bolt was sentenced in both proceedings to serve 240 months' imprisonment and five years' supervised release. Bolt appealed.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, she has found no meritorious issues for appeal. Bolt has filed a pro se supplemental brief, in which he challenges the district court's determination that he should be sentenced as an Armed Career Criminal, as well as its imposition of consecutive mandatory minimum sentences under 18 U.S.C. §§ 922 and 924 (2006). The Government has not filed a response to either brief.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez,

2

277 F.3d 517, 525 (4th Cir. 2002). A review of Bolt's Rule 11 hearings reveals that the district court substantially complied with the Rule's requirements. Bolt's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Bolt's conviction.

We also affirm Bolt's sentence. The district court properly assessed Bolt's criminal history as category IV and calculated a total offense level of thirty, which, when coupled with his classification as an Armed Career Criminal, yielded a Guidelines range of 180 months plus 60 months of consecutive imprisonment. Moreover, at sentencing, the district court heard from Bolt's attorney, allowed Bolt an opportunity to allocute, heard from Bolt's wife and daughter, reviewed letters submitted on Bolt's behalf, and considered the 18 U.S.C. § 3553(a) (2006) factors before imposing sentence. Finally, the district court gave plausible and justifiable reasons for sentencing Bolt in the manner that it did. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007); see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Further, Bolt's challenges to his classification as an Armed Career Criminal and his consecutive mandatory minimum sentences are without merit. The record indicates that Bolt had the requisite predicate offenses to be categorized as an Armed

3

Career Criminal. See United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995); see also United States v. Thompson, 421 F.3d 278 (4th Cir. 2005). Moreover, the district court was justified in relying on the Presentence Investigation Report to support its findings in that regard "because it bears the earmarks of derivation from Shepard-approved sources." Thompson, 421 F.3d at 285 (discussing Shepard v. United States, 544 U.S. 13 (2005) (listing factors that a court may consider in determining Armed Career Criminal status)).

Finally, we reject Bolt's statutory interpretation arguments that would, if accepted, require us to overturn our prior decision in United States v. Studifin, 240 F.3d 415 (4th Cir. 2001) (interpreting 18 U.S.C. § 924(c)'s mandatory consecutive sentencing scheme). It is a well settled part of our jurisprudence that one panel of this court cannot overrule the decision of a prior panel. See generally United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005). Accordingly, we affirm Bolt's sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (this court applies a presumption of reasonableness to a within-Guidelines sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bolt, in writing, of the right to

4

petition the Supreme Court of the United States for further review. If Bolt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bolt. We deny Bolt's motion for appointment of new counsel and to file additional supplemental briefing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED